**Gordon DEITZ**

v.

**UNITED STATES of America,**
**Appellant.**

**No. 11679.**

United States Court of Appeals
Third Circuit.

Argued Dec. 21, 1955.

Decided Dec. 29, 1955.

Rehearing Denied Feb. 7, 1956.

Thomas E. Byrne, Jr., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Robert Cox, Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellant.

Philip Dorfman, Philadelphia, Pa. (Dorfman & Pechner, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment rendered in favor of the plaintiff who, at the time of his alleged accident, was employed as a seaman in the capacity of an

oiler on board the respondent's vessel "James Fergus." The libellant has been awarded damages totaling $45,573.72. By separate findings these are divided as follows: for lost wages $573.72; for maintenance $108.00; for loss of future earning power $35,000; and for pain, worry, fear and anxiety $10,000.

■ In seeking review here, the appellant seems to suggest to us a different view from that we hold about the effect of McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 8. It seems to us that the Supreme Court gave us a rule in as clear words as the English language affords. It was said: "In reviewing a judgment of a trial court, sitting without a jury in admiralty, the Court of Appeals may not set aside the judgment below unless it is clearly erroneous. No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under Rule 52(a) of the Federal Rules of Civil Procedure [28 U.S.C.] * * *." This forthright statement requires no gloss from us.

■ The appellant urges three main points. One is to cast doubt upon the libellant's version of his accident. There is no basis for disputing the categorical findings of fact made by the trial court as to this. The court found that the libellant was struck in the face and eye by paint which fell from the brush of persons working above him and that this was due to the negligence of the painters.

Appellant also challenges the causal connection between the macular chorioretinitis from which the libellant suffers and the accident. There was medical testimony supporting the libellant's case on this point but it is called insufficient by the appellant. This phase of the case greatly resembles the situation we dealt with in Brett v. J. M. Carras, Inc., 3 Cir., 1953, 203 F.2d 451 and what we said with regard to proof of cause of diseases where the medical knowledge is not well settled will apply here.

■ Finally, the appellant complains of the award for $35,000 for loss of fu-

ture earnings. Deitz is twenty-six years old, the court found, and has a life expectancy of forty-five years. It is proved as a fact that he has lost practically all the sight of one eye and that this loss is permanent. It is also shown how much oilers were making at the time of the accident and since. True, libellant has worked as an oiler since the accident although he is evidently not qualified under Coast Guard regulations cited to us. He has also had a job operating a crane in a factory. Nevertheless, we think that the loss of an eye is a pretty serious impairment and, while we would be glad if there were something more definite in the testimony as to its financial effect, we do not think we can call the award clearly erroneous.

The judgment of the district court will be affirmed.